IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RANCOURT WOODELL,                          :
                                           :
                    Plaintiff,             :        CIVIL ACTION NO. 18-1098
                                           :
        v.                                 :
                                           :
SUPERINTENDENT WENEROWICZ,                 :
et al.,                                    :
                                           :
                    Defendants.            :

## ORDER

**AND NOW**, this 30th day of August, 2019, after considering: (1) the amended complaint filed by the *pro se* plaintiff, Rancourt Woodell ("Woodell") (Doc. No. 72); (2) the motions to dismiss filed by (a) Michael Wenerowicz ("Wenerowicz"), Dorina Varner ("Varner"), Gerald Galinski ("Galinski"), Suzanne Karpinski ("Karpinski"), Laura Banta ("Banta"), George Ondrejka ("Ondrejka"), Joseph Terra ("Terra"), Jeffrey Baker ("Baker"), Althea King ("King"), Donald Whitfield ("Whitfield"), Joseph Korszniak ("Korszniak"), Robert Grossman ("Grossman"), Rhonda House ("House"), Louis Bozelli ("Bozelli"), Kenneth Randolph ("Randolph"), Debra Hawkinberry ("Hawkinberry"), Joseph Trempus ("Trempus"), Ida DiCio ("DiCio"), Noel Ranker ("Ranker"), Carl Walker ("Walker"), Eric Armel ("Armel"), Brian Coleman ("Coleman"), Susan Berrier ("Berrier"), Steven Gates ("Gates"), Edward Manchas ("Manchas"), Michael Zaken ("Zaken"), Shirley Moore-Smeal ("Moore-Smeal"), Raymond Moore ("Moore"), Robert Marsh ("Marsh"), Cynthia Link ("Link"), Jay Lane ("Lane"), Marirosa Lamas ("Lamas"), and Richard Ellers ("Ellers") (collectively "Commonwealth Defendants") (Doc. No. 74), (b) Correct Care Solutions, LLC ("CCS"), Stephen Kaminsky ("Kaminsky"), Dr. Frederick Klemick ("Dr. Klemick"), Dr. Mohammad Golsorkhi ("Dr. Golsorkhi"), Barbara Ruminski ("Ruminski"), Jeanne

DeFrangesco ("DeFrangesco"), Dr. Haresh Pandya ("Dr. Pandya"), and Dr. Stephen Wiener (Dr. Wiener") (collectively the "CCS Defendants") (Doc. No. 75), (c) Dr. Martinez, Dr. Mohata, Dr. Saavedra, and Dr. Burke (Doc. No. 76), and (d) Dr. Elisabeth Vonzemensky ("Dr. Vonzemensky") (Doc. Nos. 73, 77); and Woodell having failed to file a response to any of the motions to dismiss; and the court having reviewed the amended complaint pursuant to its screening powers under 28 U.S.C. § 1915(e)(2)(B); and, for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** that the motions to dismiss (Doc. Nos. 73, 74, 75, 76, 77) are **GRANTED** as follows:

1.       Woodell's claims asserted against the Department of Corrections, Bureau of Health Care Services, SCI–Fayette, SCI–Rockview, SCI–Graterford, and SCI–Phoenix are **DISMISSED WITH PREJUDICE** because they are not "persons" subject to suit under 42 U.S.C. § 1983;[1]

2.       The following claims are **DISMISSED WITH PREJUDICE** because they are barred by the statute of limitations:

a.       Woodell's Eighth Amendment claims for deliberate indifference to his serious medical needs and conditions of confinement asserted against Manchas, Trempus, Counselor Clark, Zaken, DiCio, RN Nole, Coleman, Walker, Chris Myers, Hawkinberry, Dr. Bolk, Dr. Saavedra, Armel, Randolph, Bozelli, M. Bzelte, Michelle Howard-Biggs, Moore, House, Marsh, Moore-Smeal, Gates, Berrier, Coffman, Dr. Burke, Dr. John Synmons, Franklin Tennis, Marsh, Lamas, and Ellers;

b.       Woodell's Eighth Amendment conditions of confinement claim related to his 2011, 2013, and 2015 (described in grievance # 636041) placement in an isolation cell at SCI–Graterford (asserted against unnamed individuals);

---

[1] The court also dismisses these defendants because they are entitled to Eleventh Amendment immunity. As explained in the memorandum opinion, any such dismissal would be without prejudice.

c.      Woodell's Eighth Amendment claim for deliberate indifference as asserted against: King, Link, Dr. Martinez, Korszniak (with respect to Woodell's October 3, 2013 grievance), Wenerowicz, Grossman, Dr. Blatt, Dr. Mohata, Dr. Lewis, Dr. Machak, Dr. Smith, Dr. Tobin, Ruminski, Dr. Pandya, and Klemick;

d.      Woodell's claims asserted grievances # 315717, # 318248, # 332159, # 151893, # 482582, # 488603, # 480049, # 484914, # 517371, # 559678, and # 636041; and

e.      Woodell's claim asserted against Williams related to an April 24, 2014 grievance denial.

3.      The following claims are **DISMISSED WITHOUT PREJUDICE**:[2]

a.      The official capacity claims against individual state employees seeking monetary damages;

b.      The official capacity claims against individual CCS and Wexford Health Care ("WHC") employees because they are duplicative of Woodell's *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) claims against CCS and WHC;

c.      All claims asserted against the "Commonwealth Defendants" (as defined in the amended complaint) for failure to allege personal involvement;

d.      The Eighth Amendment claims for deliberate indifference asserted against Varner and Ferguson related to their reviews of his grievances;

e.      The Eighth Amendment claims for deliberate indifference against Korszniak (with respect to grievance # 716882), Deputy Superintendents Galinski, Lane, Lamas, Ondrejka, Banta, Karpinski, Dohman, Baker, and Terra and against physicians Dr. Banbridge, Dr.

---

[2] Woodell failed to allege any facts regarding certain defendants' personal involvement in the alleged violations. Am. Compl. at ¶ 58, Doc. No. 72. As such, the court dismisses without prejudice his claims against Ranker, Bolger, Whitfield, and Kaminsky.

Biggie, Dr. Gek, Dr. Golsorkhi, Dr. Schariff, DeFrangesco, Dr. Balk, Dr. Vonzemensky, Dr. Christian, and Dr. Wiener;[3]

   f. The claims (if any) asserted against Ranker, Bolger, Whitfield, and Kaminsky for his failure to allege any facts related to their personal involvement;[4]

   g. The claim for *Monell* liability against CCS and WHC;

   h. The claim against Ferguson about changes to the grievance policy; and

   i. The access to court claim (asserted against unnamed individuals).

**THE COURT HAVING ALSO CONSIDERED** Woodell's motion for "leave to file supplement, preliminary injunction and/or judicial notice to amended complaint" (Doc. No. 81), the Commonwealth Defendants' response in opposition (Doc. No. 82), Dr. Vonzemensky, Dr. Saavedra, and the CCS Defendants' joinder in the Commonwealth Defendants' response in opposition (Doc. Nos. 83, 84, 85), and Woodell's "motion for an emergency temporary restraining order, preliminary injunction, emergency screnning [sic] and examinations" (Doc. No. 86);[5] and, for the reasons stated in the separately filed memorandum opinion, it is hereby **FURTHER ORDERED** as follows:

   1. The motion for "leave to file supplement, preliminary injunction and/or judicial notice to amended complaint" (Doc. No. 81) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The motion is **GRANTED** to the extent Woodell requests the court consider averments in the supplemental filling as amending his amended complaint; and

---

[3] This includes any claims alleged in grievances # 603733 and # 716882.

[4] Woodell did not name Whitfield; however, Whitfield moved to dismiss the amended complaint as part of the Commonwealth Defendants' motion. As such, the court includes him for the sake of completeness.

[5] None of the defendants filed a response in opposition to this motion. Dr. Vonzemensky filed a response stating she takes no position on the motion. Doc. No. 87 at 2.

b. The motion is **DENIED** to the extent Woodell seeks judicial notice or a preliminary injunction; and

2. The "motion for an emergency temporary restraining order, preliminary injunction, emergency scrnning [sic] and examinations" (Doc. No. 86) is **DENIED**.

**THE COURT HAVING** disposed of the motions to dismiss and dismissed claims pursuant to its screening power; and the court having granted Woodell permission to file a second amended complaint; accordingly, it is hereby **FURTHER ORDERED** as follows:

1. If Woodell desires to file a second amended complaint, he may assert claims against the following defendants pursuant to the court's disposition of the claims asserted in the amended complaint: Varner, Ferguson, Galinski, Lane, Lamas, Ondrejka, Banta, Karpinski, Dohman, Baker, Terra, Dr. Banbridge, Dr. Biggie, Dr. Gek, Dr. Golsorkhi, Dr. Schariff, DeFrangesco, Dr. Balk, Dr. Vonzemensky, Dr. Christian, Dr. Wiener, and Korszniak;[6]

2. If Woodell files a second amended complaint, consistent with the court's instructions in the separately filed memorandum opinion, he must: (1) name each defendant in the caption of the complaint; (2) include allegations against *each* individual defendant in the body of the complaint;[7] and (3) allege facts establishing each defendant's personal involvement in the alleged violation;

3. Woodell may not assert any claims accruing prior to **March 11, 2016**;

4. If Woodell fails to comply with the above requirements, the court may dismiss his second amended complaint with prejudice;

---

[6] If Woodell has timely claims against individuals not previously named, he may assert them in the second amended complaint. The court notes that the statute of limitations may ultimately bar some of these claims; however, the court could not determine said claims were barred on the face of the amended complaint.

[7] The court will not accept incorporation by reference in the second amended complaint. Woodell must allege with specificity any allegations in his grievances that he wishes to plead.

5.      Woodell must file a second amended complaint by **Monday, September 30, 2019**;

6.      If Woodell fails to timely file a second amended complaint, the court may dismiss this matter for the failure to prosecute; and

7.      The clerk of court is **DIRECTED** to **REMOVE** this matter from civil suspense and **RETURN** it to the court's active docket.

BY THE COURT:


_/s/ Edward G. Smith___
EDWARD G. SMITH, J.